# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-11174
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 31, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN EDWARD BEARD

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-100-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

John Edward Beard challenges the sufficiency of the evidence to convict him of bank fraud, in violation of 18 U.S.C. § 1344.  He argues that there was insufficient evidence that he knowingly intended to defraud a financial institution.  Beard waived his right to a jury trial and was convicted after a bench trial.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-11174

When the defendant challenges the sufficiency of the evidence to sustain his conviction following a bench trial, this court reviews the district court's finding of guilt to determine whether it is supported by any substantial evidence, that is, whether there was sufficient evidence to justify the court's conclusion that the defendant is guilty beyond a reasonable doubt. *United States v. Tovar*, 719 F.3d 376, 388 (5th Cir. 2013). This court does not weigh evidence or make credibility determinations and instead views all evidence in the light most favorable to the verdict, deferring to the district court's reasonable inferences. *Id.*

To prove bank fraud, the Government must prove that the defendant knowingly executed, or attempted to execute, a scheme or artifice to "(1) defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. § 1344(1), (2). The parties' arguments are directed at § 1344(1), and we limit our analysis to that subsection. *See United States v. Harvard*, 103 F.3d 412, 420 (5th Cir. 1997). "The requisite intent to defraud is established if the defendant acted knowingly and with the specific intent to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to himself." *United States v. Saks*, 964 F.2d 1514, 1518 (5th Cir. 1992).

Beard attempted to deposit a check for more than $278,000 that he had received from a man named Johnston Capstron, who had previously sent him checks for large sums that were found to be fraudulent after Beard attempted to deposit them. Although the check was purportedly to establish a medical device company, it was drawn on an account of the Philadelphia Museum of Art. When attempting to deposit the check, Beard represented himself to

2

Herring Bank as an administrator of Keystone Health Plan East, despite having no affiliation with that company.  Unable to obtain the funds immediately, he then went to a Wells Fargo branch to get a cashier's check, this time stating he was an insurance agent; he left before the bank could verify the check's authenticity.  Beard then went to another Wells Fargo location, where he was able to obtain a cashier's check that he then deposited in the Keystone account at Herring.  He thereafter wired the bulk of the funds to an account in Hong Kong and withdrew more than $22,500 for his personal use.

In addition, Beard lied about how he knew Capstron, telling a federal agent that he had met him in Dallas and telling a Wells Fargo investigator he had met Capstron in London; in truth, he had never met Capstron.  Beard also instructed one of Capstron's associates in an email on how to structure deposits to avoid triggering reporting requirements and an investigation.

Given the foregoing, the district court reasonably could have concluded that Beard acted knowingly and with intent to defraud.  *See Saks*, 964 F.2d at 1518.  The judgment of the district court is AFFIRMED.